**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mitzi Beliveau,                       Civil No. 10-3592 (DWF/JJK)

           Plaintiff,

v.                                      **MEMORANDUM**
                                         **OPINION AND ORDER**
The Saint Paul Area Council of Churches,

           Defendant.

_____

Eric D. Satre, Esq., Jones Satre & Weimer PLLC, and Lori C. Peterson, Esq., Lori Peterson & Associates, counsel for Plaintiff.

Phyllis Karasov, Esq., Moore Costello & Hart, PLLP, counsel for Defendant.
_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant The Saint Paul Area Council of Churches ("SPACC") (Doc. No. 4). In her Complaint, Plaintiff Mitzi Beliveau raises the following five counts: (1) racial discrimination in violation of 42 U.S.C. § 1981; (2) racial/national origin discrimination in violation of the Minnesota Human Rights Act, Minn. Stat. § 363; (3) common law negligence or negligent retention/supervision; (4) retaliation/reprisal in violation of the MHRA § 363A; and (5) invasion of privacy/publication of private facts. For the reasons set forth below, Defendant's motion is denied in part and granted in part.

**BACKGROUND**

The Complaint in this matter focuses on Plaintiff's allegations that she was subjected to discrimination and harassment based on her race, national origin, and sex during her employment with SPACC's Department of Indian Work between approximately May 2005 and February 2010. Plaintiff's allegations are extensive, but the Court need not address those allegations in detail because the Motion here focuses on two issues: the timeliness of Plaintiff's MHRA claims, and whether the MHRA preempts Plaintiff's common-law tort claims.

In short, the Complaint alleges that Plaintiff was subjected to discrimination and harassment because she is not "100% Native American (American Indian)." (Compl. ¶ 7d.) The Complaint asserts that other employees harassed her, slandered her, publicly made offensive sexual comments about her, and harassed her due to the way she spoke (which was allegedly due to a hearing impairment). Plaintiff contends that she repeatedly complained to her supervisor and other directors at SPACC about this misconduct, but SPACC failed to do anything about her complaints. The Complaint asserts that Plaintiff was further harassed and retaliated against for making the complaints.

The Complaint alleges that in November 2009, Plaintiff filed a charge of discrimination with the Minnesota Department of Human Rights and the EEOC. (Compl. ¶ 13.) The Complaint asserts that the Minnesota Department of Human Rights issued a letter acknowledging that Plaintiff had withdrawn her charge to pursue a civil action on April 26, 2010, which Plaintiff apparently received on May 3, 2010. (*Id*.) The EEOC

then issued a Notice of Right to Sue on May 10, 2010. (*Id.*) According to the Notice of Removal, Plaintiff served SPACC with the Complaint on July 30, 2010. (Doc. No. 1.)

**DISCUSSION**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise

3

a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

I. **Timeliness**

As a preliminary matter, SPACC contends that Plaintiff's claims brought pursuant to the MHRA, Counts Two and Four, are untimely. SPACC points to Minn. Stat. § 363A.33, which sets forth the time limits for initiating a private civil action to redress unfair discriminatory practices under the MHRA. That section provides, in relevant part:

> **Subdivision 1. Court actions, suits by private parties, intervention.** The commissioner or a person may bring a civil action seeking redress for an unfair discriminatory practice directly to district court. In addition, a person may bring a civil action:
>
> . . .
>
> (3) after 45 days from the filing of a charge pursuant to section 363A.28, subdivision 1, if a hearing has not been held pursuant to section 363A.29 or if the commissioner has not entered into a conciliation agreement to which the charging party is a signator. *The charging party shall notify the commissioner of an intention to bring a civil action, which shall be commenced within 90 days of giving the notice.*
>
> For purposes of clauses (1) and (2), receipt of notice is presumed to be five days from the date of service by mail of the written notice.

Minn. Stat. § 363A.33 (italics emphasis supplied). SPACC submits that Plaintiff gave "notice" to the Minnesota Department of Human Rights of the withdrawal of her claim on April 26, 2010. Thus, SPACC contends that Plaintiff should have commenced her action by July 27, 2010, pursuant to these time limits. SPACC asserts that because Plaintiff did not serve the Complaint until July 30, 2010, more than 90 days from the

4

purported April 26, 2010 notice, Plaintiff is disqualified from bringing her MHRA claims.

SPACC relies on *Sullivan v. Spot Weld, Inc.*, 560 N.W.2d 712 (Minn. Ct. App. 1997) in support of its timeliness argument. In *Sullivan*, the plaintiff provided the Minnesota Department of Human Rights with a copy of the complaint on May 10, 1994, but did not serve the defendant until October 27, 1994—more than 90 days after the notice to the Minnesota Department of Human Rights. 560 N.W.2d at 714-15. The Minnesota Court of Appeals held that the district court was correct in determining that plaintiff failed to satisfy the statute's requirement that he commence an action within 90 days of notifying the Minnesota Department of Human Rights. *Id.* at 716.

*Sullivan* did not encompass the circumstances that are present here, however. Here, Plaintiff did not give notice to the Minnesota Department of Human Rights via her April 9, 2010 letter. Rather, in that letter, Plaintiff stated: "I would like to with-draw my complaint #55590 and ask for the, [sic] notice to the right to sue." (Peterson Aff. ¶ 2, Ex. 1.) On April 26, 2010, the Minnesota Department of Human Rights responded by indicating that it had "received notification that [sic] has exercised the right to seek redress through private civil action and in accordance with . . . §363A.33, has withdrawn the above-referenced charge from the Department." (*Id.* ¶ 3, Ex. 2.) That letter further indicated that all proceedings related to the charge "will now be terminated." (*Id.*) Plaintiff indicates that she did not receive this letter until May 3, 2010. (Pl.'s Mem. Opposing Def.'s Mot. to Dism. at 2.) Considering the language of Plaintiff's April 9, 2010 letter to the Minnesota Department of Human Rights, and considering the MHRA's

5

directive to construe liberally the provisions of the statute, Minn. Stat. § 363A.04, the Court finds that Plaintiff did not provide notice to the Department on April 9, 2010, but rather requested a notice of right to sue. Plaintiff alleges that she did not receive this "notice" from the Department until May 3, 2010. As such, Plaintiff's action, which was served on July 30, 2010, was commenced within 90 days after notice to the Department as required by § 363A.33. SPACC's motion is denied in this regard.

## II. Preemption

SPACC further contends that Count Three of Plaintiff's Complaint—alleging negligence and negligent training, retention, and supervision—is preempted by the MHRA. Plaintiff asserts that her parallel claims are not preempted.

The MHRA is the exclusive remedy for acts declared unfair by the MHRA. Minn. Stat. § 363A.04. "[T]he MHRA preempts a common law cause of action if: (1) the factual basis and injuries supporting the common law claim also would establish a violation of the MHRA; and (2) the obligations the defendant owes to the plaintiff, as a practical matter, are the same under both the common law and the MHRA." *Pierce v. Rainbow Foods Group, Inc.*, 158 F. Supp. 2d 969, 975-76 (D. Minn. 2001). Here, Count Three of the Complaint alleges negligence related to the "prior and ongoing illegal/tortious activity on [SPACC's] premises," as well as negligent training, retention, and supervision. These claims are all related to SPACC's duty to protect Plaintiff from discrimination in the workplace. The Complaint does not allege any facts or injuries that would fall outside the realm of the protection of the MHRA. As such, Plaintiff's claims in Count Three are preempted by the MHRA.

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. [4]) is **DENIED IN PART** and **GRANTED IN PART**;

2. Count Three of the Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.


Dated:  December 23, 2010              s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge